IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RAYMOND WILLIAM MILLER, III,
    Petitioner,

vs.                                          Case No.: 3:12cv509/RV/EMT

MICHAEL D. CREWS,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

        This cause is before the court on Petitioner's response to the court's order issued February 25, 2013, directing him to file a reply to Respondent's answer to Petitioner's § 2254 petition (docs. 10, 11). Petitioner states that upon review of Respondent's answer, he believes he filed this habeas action in error (doc. 11). Petitioner thanks the court for its time, and apologizes for wasting the court's resources and those of the Attorney General's Office (*id.*).

        The court construes Petitioner's response as a motion to voluntarily dismiss this action.[1] Because Respondent has served an answer in the instant case, this action may not be dismissed at Petitioner's instance except by order of the court. Fed. R. Civ. P. 41(a)(2). In light of Petitioner's desire to dismiss his petition, this court concludes dismissal is appropriate. However, Petitioner should be aware of 28 U.S.C. § 2244(d), which establishes a one-year period of limitation for applications for writs of habeas corpus challenging state court judgments. The one-year period normally runs from date upon which the conviction became final, *see* § 2244(d)(1), but the time during which a "properly filed" application for state post-conviction or other collateral review is pending is not counted. *See* § 2244(d)(2); <u>Artuz v. Bennett</u>, 531 U.S. 4, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000). Petitioner is further advised that the pendency of the instant federal habeas action

---

[1] If this was not Petitioner's intent, he may file an objection to this Report and Recommendation stating such.

does not toll the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1). *See* Duncan v. Walker, 533 U.S. 167, 181, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001) (construing 28 U.S.C. § 2244(d)(2)). Additionally, the fact that the petition is dismissed without prejudice does not preclude a determination that a subsequently filed § 2254 petition is untimely or otherwise procedurally barred.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Petitioner's response, construed as a motion to voluntarily dismiss this action (doc. 11), be **GRANTED**.

2. That this action be dismissed without prejudice.

At Pensacola, Florida, this 28th day of March 2013.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No.: 3:12cv509/RV/EMT